<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALBERT H. WUNSCH, III,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BOROUGH OF ENGLEWOOD CLIFFS<br>*et al.*,<br><br>　　　　Defendants. | Civil Action No. 25-18504 (SDW) (JBC)<br><br>**OPINION**<br><br>April 7, 2026 |

**WIGENTON,** District Judge.

Before this Court is the Report and Recommendation ("R&R") dated January 28, 2026 by Magistrate Judge James B. Clark (D.E. 6) recommending denying *pro se* Plaintiff Albert Wunsch's ("Plaintiff") Motion to Remand (D.E. 2). Plaintiff objected to the R&R (D.E. 7, 8)[1], and Defendants Borough of Englewood Cliffs ("the Borough"), Mark Park, Philip Zhi Liang, and Rivka Biegacz (collectively, "Defendants") responded to that objection (D.E. 10, 11). Upon reviewing the R&R, objection and responses, this Court **ADOPTS** Judge Clark's R&R and **DENIES** the Motion to Remand.

Plaintiff initially filed his complaint in the Superior Court of New Jersey, Law Division, Bergen County on November 18, 2025. (D.E. 1 ("Compl.")).[2] On December 11, 2025, Defendants timely removed the case to this Court on the bases of federal question jurisdiction pursuant to 28

---

[1] Plaintiff filed duplicate papers.
[2] For a more detailed explanation of the underlying facts, see the R&R.

1

U.S.C. §§ 1331, 1441, and 1446(b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(b). (D.E. 1 ¶ 2–3.)[3] Defendants argue that Counts Two through Five of the Complaint arise under federal laws and thus provide a valid basis for removal. (*Id.* ¶ 4.) Plaintiff moved to remand on January 5, 2026, arguing that remand is required because his state law claims predominate and because New Jersey state courts have concurrent jurisdiction over his federal claims. (*See generally* D.E. 2-3.)

The R&R concludes that the matter should not be remanded because: (1) federal laws provide the basis for and are central to Counts Two through Five of the Complaint; (2) this Court has supplemental jurisdiction over Plaintiff's state law claims since they arise out of the same facts as the federal claims. (R&R at 4–6.) Under Federal Rule of Civil Procedure 72(b)(3), a district judge "must determine de novo any part of [a] magistrate judge's disposition that has been properly objected to." *See also* 28 U.S.C. § 636(b)(1). Plaintiff timely objected to Judge Clark's R&R, and timely briefing ensued. (*See generally* D.E. 8, 9, 10, 11.)

## I.    LEGAL STANDARD & DISCUSSION

Remand is governed by 28 U.S.C. § 1447(c), which provides that cases may be remanded after removal within thirty days of filing the notice of removal if removal was procedurally defective, or at any time before final judgment if the court lacks subject matter jurisdiction. The removing party has the burden to establish that federal jurisdiction exists, with any doubts as to jurisdiction after removal being "resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

Federal district courts have original jurisdiction over "federal question" cases, which arise under the Constitution, laws, or treaties of the United States. *Metropolitan Life Ins. Co. v. Taylor,*

---

[3] Defendants' Notice of Removal and Plaintiff's Complaint were both uploaded in one PDF under D.E. 1.

481 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331)).  Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal issue is presented on the face of the complaint.  *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).   Once federal question jurisdiction is satisfied, the court has subject matter jurisdiction over the matter, and the remand analysis concludes unless there are procedural defects or timeliness concerns.  *See In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 448 (3d Cir. 2000) ("[O]nly remand orders issued under § 1447(c) and invoking the grounds specified therein . . . are immune from review under §1447(d)."); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (stating that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them.").

Here, the Complaint contains four federal claims on its face, all arising under 42 U.S.C. §§ 1983 or 1985.  (Compl. ¶¶ 19–30.)  As Defendants timely removed this matter and there being no procedural defects, this Court has subject matter jurisdiction and remand is improper at this stage. (*See* D.E. 1.)  However, this Court observes that the federal claims stem from a previous litigation, *Glenn Luciano et al. v. Rivka Biecagz et al.*, A-3060-23, in which Defendants participated in the Superior Court of New Jersey, Bergen County and subsequently appealed to the Appellate Division.  In *Luciano*, Wunsch was not a named plaintiff but the allegations centered around him. (*See generally* D.E. 2-4.)  Two Borough council members alleged that Defendants breached the Local Government Ethics Law ("LGEL") by voting to terminate Wunsch as the Borough's affordable housing attorney while he had a pending defamation lawsuit against them, creating a conflict of interest.[4]  (*Id.* at 3–8.)  The trial court determined that Defendants should have recused

---

[4] The pending defamation case was *Albert H. Wunsch, III v. CTE Republicans for Englewood Cliffs et al.*, A-3223-32; A-3239-23, further discussed below.  This case was filed on October 17, 2023 and is currently closed.  (*See* D.E. 3 at 6.)

3

themselves from voting due to their conflicts of interest.  (*Id.* at 7.)  This decision was later upheld on February 14, 2025, by the Appellate Division, which additionally found that Defendants violated the LGEL.  (*Id.* at 13–15.)  The federal claims in the present Complaint are based on the state court's findings in *Luciano*, asserting that Defendants had conflicts of interest in the vote to terminate Wunsch and breached their duty to recuse themselves.  (Compl. ¶¶ 19–30; D.E. 2-4 at 15.)  The connection between the present Complaint and *Luciano* is further solidified by Plaintiff's own admission that Counts Six and Seven, which are state claims, "address the LGEL and the favorable ruling handed down by the Appellate Division."  (D.E. 8 at 4.)

Moreover, Plaintiff's state defamation case, *Albert H. Wunsch, III v. CTE Republicans for Englewood Cliffs et al.*, A-3223-32; A-3239-23, which forms the basis of the present case and *Luciano*, survived the motion to dismiss stage.  (*See generally* D.E. 3.)  However, there has been no further activity on this case since the Appellate Division affirmed the trial court's denial of Defendants' motions to dismiss and for a fee award on January 8, 2026.[5]  Since the Superior Court dismissed the matter for lack of prosecution on November 1, 2024 and closed the case, *Wunsch* has not received a final adjudication on the merits.  As state courts have concurrent jurisdiction over §§ 1983 and 1985 claims, Plaintiff could have moved to reinstate the case under New Jersey Court Rule 1:13-7(a)[6] and if his motion was granted, amended his state court complaint to circumvent the removal issue, as *Wunsch* has already been litigated heavily in state courts.  *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990); N.J. Ct. R. 1:13-7(a).  For unknown reasons, Plaintiff failed to

---

[5] This Court found that there has been no further activity on the Superior Court's docket for this case since May 14, 2025.  The Appellate Division's opinion was issued on January 8, 2026, affirming the Superior Court's denial of Defendants' applications.

[6] In its Order dismissing *Wunsch*, the Superior Court specifically notes that "A formal notice of motion is now required to restore this party [matter] to active trial status."

prosecute his state case and chose to initiate a new suit to pursue claims that were properly removable to this Court.

## II.     CONCLUSION

Accordingly, this Court **ADOPTS** Judge Clark's R&R and the Motion to Remand is **DENIED**. An appropriate order follows.

_____
/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        James B. Clark, U.S.M.J.