NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ALBERT H. WUNSCH, III,

              Plaintiff,

v.

BOROUGH OF ENGLEWOOD CLIFFS
*et al.*,

              Defendants.

Civil Action No. 25-18504 (SDW) (JBC)

**WHEREAS OPINION**

May 28, 2026

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Albert H. Wunsch's ("Plaintiff") Motion for Reconsideration ("Motion" (D.E. 15)) filed in connection with this Court's April 7, 2026 Opinion and Order adopting Magistrate Judge Clark's Report and Recommendation and denying Plaintiff's Motion to Remand; and

**WHEREAS** "[t]he purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration has merit only when the movant shows "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Id.*; and

**WHEREAS** although the Third Circuit has "never adopted strict or precise definitions for 'clear error of law or fact' and 'manifest injustice,'" it has suggested "there is substantial, if not

1

complete, overlap between the two concepts," with the focus being "on the gravity and overtness of the error." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311–12 (3d Cir. 2018).  A litigant "must show more than mere disagreement with [an] earlier ruling," he or she must show "a direct, obvious, [or] observable error," and "one that is of at least some importance to the larger proceedings."  *Id.* at 312 (second alteration in original) (quoting *Manifest Injustice*, Black's Law Dictionary (10th ed. 2014)).  *Cf. Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) ("A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" (quoting *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)); and

**WHEREAS** motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly."  *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013).  "Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for re[consideration]."  *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); and

**WHEREAS** Plaintiff's Motion must be denied because it fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its order, or an error of fact or law that, if left uncorrected, would result in manifest injustice.  Plaintiff contends that this Court has an inaccurate understanding of the procedural history of *Wunsch v. CTE Republicans for Englewood Cliffs et al.*, a State Court matter which forms the basis of the present case, and that this misapprehension warrants reconsideration.  (D.E. 15-4 at 7–8.)  Although this Court referenced the State Court case in its Opinion denying Plaintiff's Motion to Remand, it did so only to note that Plaintiff could have reinstated the State action rather than filing this case.  (D.E. 12 at 4–5.)  Regardless, this Court correctly concluded that remand is unwarranted

because the Complaint arises under federal law, removal was timely, and no other procedural defects exist; accordingly, this Court properly has subject matter jurisdiction. (*Id.* at 3.) Therefore, Plaintiff has failed to carry his burden of establishing that he is entitled to relief under a motion for reconsideration; and

Plaintiff's Motion is **DENIED**.  An appropriate order follows.


                                             _____/s/ Susan D. Wigenton_____
                                            **SUSAN D. WIGENTON, U.S.D.J.**


Orig:   Clerk
cc:     Parties
         James B. Clark, U.S.M.J.