**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

November 10, 2026

Albert H. Wunsch, III
400 Sylvan Avenue
Englewood Cliffs, NJ 07632
*Pro se Plaintiff*

William Darling
Scott D. Salmon
Jardim Meisner Salmon Sprague & Susser, P.C.
30B Vreeland Road
Florham Park, NJ 07932
*Counsel for Defendants Borough of Englewood Cliffs, Philip Zhi Liang, and Rivka Biegacz*

Donald F. Burke
Law Office of Donald Burke
45 Gale Road
Brick, NJ 08723
*Counsel for Defendant Mark Park*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re: *Wunsch v. Borough of Englewood Cliffs et al.*, Civ. No. 25-18504 (SDW) (JBC)**

Counsel:

Before this Court are Defendants Borough of Englewood Cliffs (the "Borough"), Councilman Philip Zhi Liang, Councilwoman Rivka Biegacz, and Mayor Mark Park's (collectively, the "Individual Defendants," and together with the Borough, the "Defendants") Motions to Dismiss (D.E. 16, 18) *pro se* Plaintiff Albert H. Wunsch, III's ("Plaintiff") Complaint (D.E. 1 at 5–17 ("Complaint" or "Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Opinion is issued without oral argument pursuant to Rule 78. For the reasons set forth herein, Defendants' Motions to Dismiss are both **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This Court writes only for the parties and accordingly limits its discussion of the factual and procedural background to only the facts pertinent to the instant decision.

### A. Factual Background[1]

On October 17, 2023, Plaintiff sued the Individual Defendants, among others, for defamation in New Jersey Superior Court (the "Defamation Matter").[2] (Compl. ¶ 7.) At that time, the Individual Defendants were all electoral candidates running for government positions within the Borough. (*Id.* ¶ 8.) All three of them ultimately won their respective elections: Park was elected Mayor of Englewood Cliffs, and Liang and Biegacz were both elected to the Borough Council. (*Id.*) Their terms commenced in January of 2024. (*Id.*)

On January 3, 2024, the Borough Council rejected a motion to retain Plaintiff as Affordable Housing Attorney. (*Id.* ¶ 11(a).) All three of the Individual Defendants voted against the motion. (*Id.*) Soon thereafter, on February 2, 2024, two other members of the Borough Council filed a lawsuit in New Jersey Superior Court, requesting a judicial determination that the Individual Defendants were subject to conflicts of interest with respect to matters involving Plaintiff due to the ongoing Defamation Matter.[3] (*Id.* ¶ 12.) The Individual Defendants continued to vote on motions and resolutions related to Plaintiff while that lawsuit and the Defamation Matter were both proceeding in state court. (*Id.* ¶¶ 11–12.)

Over the next several months, the Borough Council considered six more items related to Plaintiff (*Id.* ¶¶ 11(b)–(e).) The Council considered three motions to retain Plaintiff as Affordable Housing Attorney, and tabled all three. (*Id.* ¶¶ 11(b), (f), (g).) Defendants Liang and Biegacz voted to table all three motions, and Defendant Park cast the tiebreaking vote to table two of the three. (*Id.*) The Council also considered three different resolutions related to outstanding invoices due to Plaintiff. (*Id.* ¶¶ 11(c)–(e).) The first such resolution was considered on March 27, 2024, and the Individual Defendants voted to "remove and/or table" Plaintiff's invoices from the Borough's bill list. (*Id.* ¶ 11(c).) On April 10, 2024, all three of the Individual Defendants voted to pay only 20% of those invoices. (*Id.* ¶ 11(d).) And on April 19, 2024, Biegacz and Liang opposed the resolution authorizing payment of all outstanding invoices to Plaintiff. (*Id.* ¶ 11(e).)

### B. Procedural History

On November 18, 2025, Plaintiff filed his Complaint against the Borough and the Individual Defendants (in both their official and individual capacities) in the Superior Court of

---

[1] "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). While the Defendants have submitted extensive underlying documentation pertaining to the history between the parties and the facts alleged in the Complaint (*see* D.E. 17-1), this Court need not consider those documents to adjudicate the present motions.

[2] *See Wunsch v. CTE Republicans for Englewood Cliffs, et al.*, No. BER-L-5605-23.

[3] *See Luciano v. Englewood Cliffs, et al.*, No. BER-L-786-24.

New Jersey, Law Division, Bergen County.[4] (D.E. 1 at 5–17.) On December 11, 2025, Defendants timely removed the case to this Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(b). (D.E. 1 at 1–3.) Plaintiff subsequently filed a motion to remand the case to state court (D.E. 2), and this Court denied that motion on April 7, 2026. (D.E. 13.)

Plaintiff alleges that the Individual Defendants repeatedly voted unfavorably as to Plaintiff on the relevant motions and resolutions, all while subject to conflicts of interest due to the pending Defamation Matter. (Compl. ¶ 10–11.) The Complaint asserts eight claims against all Defendants: (1) violation of the New Jersey Constitution and New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-1 et seq.; (2) First Amendment retaliation under 42 U.S.C. § 1983; (3) equal protection violations under § 1983; (4) due process violations under § 1983; (5) civil conspiracy under 42 U.S.C. § 1985(3); (6) conflict of interest/abuse of office; (7) abuse of process; and (8) intentional infliction of emotional distress.

On April 23, 2026, the Borough, Liang, and Biegacz filed a Motion to Dismiss the Complaint. (D.E. 16.) The next day, Park filed his own Motion to Dismiss. (D.E. 18.) The parties timely completed briefing. (D.E. 23–26.)

## II. <u>LEGAL STANDARD</u>

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether allegations are plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When deciding a Rule 12(b)(6) motion to dismiss, federal courts accept all well-pled factual allegations as true, "construe the complaint in the light favorable to the plaintiff" and "determine whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," however, are not entitled to an assumption of truth. *Iqbal*, 556 U.S. 662, 678. Rule 12(b)(6) "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555.

"Complaints filed by *pro se* litigants . . . are liberally construed, but must still 'allege sufficient facts . . . to support a claim.'" *Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

---

[4] Generally, a claim against a government officer in their official capacity is treated as a claim against the government entity of which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Accordingly, this Court will treat the official-capacity claims as claims against the Borough.

## III. DISCUSSION

### A. Counts One, Two, Three, and Four

1. Individual Defendants

To adequately plead a § 1983 claim against an individual defendant, a plaintiff must demonstrate: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). To allege a violation of a federal right, a plaintiff must "identify the exact contours of the underlying right said to have been violated." *Downey v. Coal. Against Rape & Abuse, Inc.*, 143 F. Supp. 2d 423, 437 (D.N.J. 2001) (quoting *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 841 n.5 (1998)).

Count One of the Complaint alleges civil rights violations under the NJCRA. NJCRA claims are interpreted analogously to § 1983 claims. *Mervilus v. Union Cnty.*, 73 F.4th 185, 193 n.4 (3d Cir. 2023); *Est. of Roman v. City of Newark*, 914 F.3d 789, 796 n.5 (3d Cir. 2019). As such, this Court will analyze Count One under the same pleading standard as a § 1983 claim. Count One asserts that Defendants "individually retaliated against Plaintiff for exercising rights of free speech, petition and equal protection under the New Jersey Constitution." (Compl. ¶ 16.) That conclusory statement amounts to nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," and is insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff fails to identify the "contours" of any of the alleged constitutional violations, and therefore fails to state a claim under § 1983. *See Downey,* 143 F. Supp. 2d at 437; *Berg v. Cnty. Of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000).

Count Two purports to bring a § 1983 claim for First Amendment retaliation. To state a First Amendment retaliation claim, "a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). Here, Plaintiff alleges that Defendants "retaliated against [him] for filing a lawsuit and petitioning the government." (Compl. ¶ 20.) While filing a lawsuit is protected First Amendment activity, *see Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997), Plaintiff has not sufficiently alleged any retaliatory action sufficient to deter an ordinary person from exercising their constitutional rights. It is unclear from the allegations in the Complaint how the Individual Defendants' votes on any of the motions or resolutions would have deterred a person of ordinary firmness from filing a lawsuit or prosecuting an existing one. Plaintiff's broad, conclusory statement that the Individual Defendants "chilled Plaintiff's constitutional rights," (Compl. ¶ 21), is insufficient to state a First Amendment retaliation claim.

Count Three asserts a § 1983 claim for violations of the Equal Protection Clause of the Fourteenth Amendment. The Complaint states that "Defendant[s] treated Plaintiff differently than similarly situated individuals without rational basis, motivated by ill will and retaliation." Ordinarily, an equal protection claim is grounded in discrimination based on a plaintiff's membership in a protected class. *See Palardy v. Twp. of Millburn*, No. 15-2089, 2016 WL 1732379, at *4 (D.N.J. May 2, 2016). When a plaintiff does not allege membership in a protected class, they may alternatively invoke the "class of one" theory, which requires a plaintiff to plead

that they were "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Here, Plaintiff has not alleged membership in any protected class and further fails to state a claim under the "class of one" theory. Plaintiff does not allege the existence of any similarly situated individuals. That is fatal to his equal protection claim. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (affirming the district court's dismissal of a "class of one" equal protection claim for failure to allege the existence of similarly situated individuals).

Lastly, Count Four asserts a § 1983 claim for procedural due process violations under the Fourteenth Amendment. "A Fourteenth Amendment procedural due process claim consists of three elements: (i) a deprivation of life, liberty, or property; (ii) by a state actor; (iii) without due process of law." *Parker v. New Jersey Motor Vehicle Comm'n*, 158 F.4th 470, 481 (3d Cir. 2025). Plaintiff does not identify any specific deprivation of life, liberty, or property; he only generally asserts that "Defendants are liable for the deprivation of [his] federally protected rights." (Compl. ¶ 26.) While it is true that, in some circumstances, a municipal employee may have a property interest in their continued employment with the municipality, Plaintiff has pled no facts to demonstrate "a legitimate entitlement to such continued employment." *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005). Plaintiff was not employed by the Borough when any of the relevant conduct occurred, and the Complaint is entirely devoid of allegations related to the terms of any prior employment with the Borough. Thus, the Complaint fails to allege a procedural due process violation.

Accordingly, all of Plaintiff's § 1983 claims fail to state a plausible claim for relief against the Individual Defendants.[5]

2. The Borough

When a plaintiff brings a § 1983 claim against a municipality, that claim cannot rest on violations perpetrated solely by the municipality's employees or agents. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Rather, "the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). Accordingly, in addition to pleading a specific constitutional violation, a plaintiff "must identify a custom or policy, and specify what exactly that custom or policy was" to state a claim for municipal liability under § 1983. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).

As explained, *supra*, the Complaint does not properly allege any constitutional violation. For that reason alone, the Complaint fails to state a § 1983 claim against the Borough. But even if Plaintiff had properly alleged a constitutional violation, his § 1983 claims against the Borough would still fail. The Complaint does not contain a single allegation related to the Borough's policies or customs. Rather, Plaintiff's claims against the Borough are based entirely on the

---

[5] Because the Complaint fails to state a viable § 1983 claim against the Individual Defendants, this Court need not consider whether qualified immunity applies. *Strategic Env't Partners, LLC v. Bucco*, 184 F. Supp. 3d 108, 133 (D.N.J. 2016) (citing *Wright v. City of Philadelphia*, 409 F.3d 595, 599 (3d Cir. 2005)). And because Plaintiff's remaining claims also fail, *see infra*, this Court will not address Defendants' legislative immunity arguments.

alleged conduct of the Individual Defendants, and how they each voted on the relevant motions and resolutions. That is plainly insufficient to state a claim for municipal liability under § 1983. Thus, this Court will dismiss Counts One through Four against the Borough.

### B. Count Five

Count Five of Plaintiff's Complaint alleges a civil conspiracy to interfere with Plaintiff's civil rights under 42 U.S.C. § 1985(3). That section "permits an action to be brought by one injured by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting 42 U.S.C. § 1985(3)). The language of the statute clearly requires a plaintiff to plead "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiff has failed to allege any facts to support the existence of any racial or class-based animus. Accordingly, Plaintiff's Complaint fails to state a § 1985(3) claim against any of the Defendants.

### C. Count Six

Count Six is a claim for "Conflict of Interest/Abuse of Office." Plaintiff, relying heavily on the trial court and appellate proceedings in the *Luciano* matter, contends that Defendants violated the New Jersey Local Government Ethics Law ("LGEL"), N.J.S.A. 40A: 9–22.1 *et seq.* (Compl. ¶¶ 12–15, 32–35.) But that law does not establish a private cause of action for damages, and Plaintiff has not otherwise identified any statutory or legal basis for his claim.[6] Thus, Count Six fails to state a claim and must be dismissed against all Defendants.

### D. Count Seven

Count Seven purports to bring an abuse of process claim under New Jersey law, but that cause of action is entirely unsupported by the allegations in the Complaint. The "process" in an abuse of process action "includes the 'summons, mandate, or writ used by a court to compel the appearance of the defendant in a legal action or compliance with its orders.'" *Stolinski v. Pennypacker*, 772 F. Supp. 2d 626, 645 (D.N.J. 2011) (quoting *Wozniak v. Pennella,* 862 A.2d 539, 549 (N.J. Super. Ct. App. Div. 2004). Here, Plaintiff's allegations relate to Defendants' votes on various resolutions at municipal council meetings. That conduct provides no basis for an abuse of process claim under New Jersey law. Accordingly, this Court will dismiss Count Seven against all Defendants.

---

[6] Because the Appellate Division's decision in *Luciano* is a matter of public record, *Luciano v. Biecagz*, No. A-3060-23, 2025 WL 501268 (N.J. Super. Ct. App. Div. Feb. 14, 2025), this Court may take judicial notice of its existence. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). And because Plaintiff explicitly relies on that decision as a basis for Count Six (Compl. ¶¶ 13, 34), this Court may "examine the decision to see if it contradicts the complaint's legal conclusions or factual claims." *Id.* at 427. Plaintiff's conclusion that the decision entitles him to relief is inaccurate. The Appellate Division considered only the narrow question of whether the trial court had subject matter jurisdiction to find that the defendants violated the LGEL. *Id.* at *4. While the Appellate Division held that subject matter jurisdiction was proper, *id.* at *5, that does not provide Plaintiff with a private cause of action for damages based on LGEL violations, nor does it necessarily establish any of Plaintiff's claims.

### E. Count Eight

Lastly, Count Eight is a claim for intentional infliction of emotional distress. "To state a claim for intentional infliction of emotional distress, a plaintiff must plead facts showing 'intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe.'" *Izzo v. Twp. of Raritan*, No. 15-1262, 2017 WL 3816537, at *9 (D.N.J. Aug. 31, 2017) (quoting *Taylor v. Metzger*, 706 A.2d 685, 694 (N.J. 1998)). Plaintiff has pled no facts supporting any element of an intentional infliction of emotional distress claim; the Complaint does not allege how any of the relevant conduct was "outrageous," nor does it allege any emotional distress suffered by Plaintiff. Rather, Count Eight merely recites the elements of the claim in conclusory fashion. That is insufficient to state a plausible claim for relief against any of the Defendants. *See Iqbal*, 556 U.S. at 662; *Twombly*, 550 U.S. at 555.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are **GRANTED**. Plaintiff's Complaint is dismissed without prejudice. Plaintiff shall have thirty (30) days to amend his complaint. An appropriate order follows.

/s/ Susan D. Wigenton

**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
James B. Clark, U.S.M.J